UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHN SIMEON                                                                                          Plaintiff,

v.                                                                         Civil Action No. 3:15-cv-00780-DJH

KENTUCKY DEPARTMENT
OF CORRECTIONS *et al.*                                                                           Defendants.

\* \* \* \* \*

### MEMORANDUM OPINION

This matter is before the Court upon a motion to remand this action to state court by *pro se* Plaintiff John Simeon (DN 5). Plaintiff's motion is fully briefed and ripe for decision. For the following reasons, Plaintiff's motion is **GRANTED**.

### I.   BACKGROUND

Plaintiff filed a complaint against four Defendants – Kentucky Department of Corrections ("KDOC"), Correct Care Solutions, LLC, Dr. Frederick Kemen ("Kemen"), and Nurse Elaine Smith ("Smith") – in Oldham County (Kentucky) Circuit Court on July 2, 2015. In his complaint, Plaintiff seems to claim that Defendants were medically negligent and deliberately indifferent to his diagnosis of prostate cancer while he was incarcerated at Kentucky State Reformatory in LaGrange, Kentucky.

On October 12, 2015, Defendant Correct Care Solutions ("Removing Defendant") filed a petition for removal of the state court action to this Court. (DN 1). In the petition, the Removing Defendant stated that this court had jurisdiction over the action under "28 U.S.C. §1331" because the complaint asserted violations of Plaintiff's Eighth and Fourteenth Amendment rights.[1] The

---

[1] Although the Removing Defendant states that its removal was under 28 U.S.C. §1331, the Court understands it to have meant 28 U.S.C. §1441 which was the statute cited in the initial petition for removal.

Removing Defendant also stated that its removal was timely under 28 U.S.C. § 1446(b) because it did not receive notice of the lawsuit until September 21, 2015.

Plaintiff filed the motion to remand now before the Court on October 28, 2015.

## II.  LEGAL STANDARD

A civil case filed in state court may be removed to federal court if the action could have been brought originally in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As a court of limited jurisdiction, a district court is required to remand any case where federal subject matter jurisdiction is lacking. *See* 28 U.S.C. § 1447(c). The defendant bears the burden of establishing that removal is proper. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted).

## III.     ANALYSIS

Plaintiff makes several arguments in his motion to remand, including that the action should not be removed because the Removing Defendant did not establish complete diversity among the Defendants; the action primarily asserts state law claims; and the Removing Defendant did not obtain consent of all Defendants in the action before requesting removal to federal court. Significantly, in its response to Plaintiff's motion, the Removing Defendant only addressed Plaintiff's first two arguments. The Court finds, however, that it need not consider Plaintiff's first two arguments since he has shown that the Removing Defendant did indeed fail to comply with the procedural "rule of unanimity," which requires all defendants in an action to consent to removal.

Title 28 U.S.C. § 1446 governs the procedure for removal of civil actions to federal courts. It provides in relevant part as follows:

> **(a) Generally**.--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements; generally.--(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> **(2)(A)** When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> **(B)** Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph to file the notice of removal.
>
> **(C)** If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
>
> **(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Another district court has summarized the above procedural requirements as follows:

> A notice of removal must be filed in the appropriate district court, signed pursuant to Fed. R. Civ. P. 11, and contain a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). The notice of removal must be filed within 30 days after service of the complaint or summons, 28 U.S.C. § 1446(b)(1), and that 30 day window applies to each defendant in an action, 28 U.S.C. § 1446(b)(2)(B). When a civil action is removed solely pursuant to 28 U.S.C. § 1441(a)—actions subject to the Court's original jurisdiction—*all* defendants who have been properly joined and

3

>served in the case must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A).

*Columbus Equip. Co. v. RKJ, Enters.*, No. 5:14-CV-2389, 2015 U.S. Dist. LEXIS 111684, *5-6 (N.D. Ohio August 24, 2015)(emphasis added).

Thus, the "rule of unanimity" is derived from the statutory language of 28 U.S.C. § 1446. In *Loftis v. United Parcel Serv., Inc.*, the Sixth Circuit joined the prevailing view of other circuits, holding that all defendants in an action must join in the removal petition or file their consent to removal, "in writing," within 30 days of receipt of a summons when the complaint demonstrates that the case is one that may be removed. 342 F.3d 509, 516 (6th Cir. 2003).

The Sixth Circuit has identified three ways to satisfy the rule of unanimity. All parties that have been properly served or otherwise properly joined may: (1) join in the removal; (2) file a written consent to removal; or (3) oppose a motion to remand. *Molnar v. Shelby County Bd. of Educ.*, No. 2:14-CV-2544 STA-dkv, 2014 U.S. Dist. LEXIS 175418, 2014 WL 7335331, at *1 (W.D. Tenn. Dec. 19, 2014) (quoting *City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010)). "Failure to obtain unanimous consent forecloses the opportunity for removing under Section 1446." *Loftis*, 342 F.3d at 516; *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 811 (N.D. Ohio 2008) (quoting *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533-34 (6th Cir. 1999)); *see Lindon v. Kakavand*, No. 5:13-26-DCR, 2013 U.S. Dist. LEXIS 138812, 2013 WL 5441981, at *4 (E.D. Ky. Sept. 27, 2013) (failure of all defendants who have been served to join in the removal or file a written consent within 30 days creates a defect in removal procedure within the meaning of 28 U.S.C. § 1447(c)) (citing *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) and *Loftis*, 342 F.3d at 516).

Here, there is nothing in the record which indicates that Removing Defendant obtained the consent of the other three Defendants before removing the case to this Court. Indeed, the three other Defendants are not even mentioned in removing Defendant's petition for removal. The record does indicate that the KDOC received notice of this action no later than August, 25, 2015, when it filed a motion to dismiss Plaintiff's complaint in state court. Despite this, there is no evidence that the KDOC joined in the removal, filed a timely written consent to the removal, or opposed Plaintiff's motion to remand. Indeed, the only pleading that KDOC has actually filed with this Court is a "Notice of Filing of Pending Motions in State Court Prior to Removal" (DN 7) which it filed on November 17, 2015, more than 30 days after both KDOC and the Removing Defendant received notice of the state court action.

With regard to Defendants Kemen and Smith, there is nothing in the record which indicates whether they have been served or otherwise received notice of the lawsuit against them. However, the state court complaint listed both as Defendants. This was sufficient for the Removing Defendant to know that the consent of Kemen and Smith may have been required to remove the case. *See Crockett v. Mut. Of Omaha Bank*, No. 3:12-CV-00779, 2013 U.S. Dist. LEXIS 75943 (M.D. Tenn May 30, 2013); *Greco v. Yellowpages.com, LLC*, No. 3:09-CV-1502, 2009 U.S. Dist. LEXIS 99312 (M.D. Pa. Oct. 26, 2009). In *Greco*, one of the defendants was listed on the pleading, but there was no record that it had been served when another defendant unilaterally removed the case. *Id*. The court in *Greco* held that the removing defendant violated the rule of unanimity when it failed to ascertain with due diligence the need for the consent of other defendant, especially when "very little effort" would have been required to ensure that they had not been served. *Id*. In the instant case, if the Removing Defendant had found that

5

Defendants Kemen and Smith had not been served and that it, therefore, did not need their consent for removal, it should have so indicated in its petition for removal.

Thus, the Court finds that the Removing Defendant failed to comply with 28 U.S.C. § 1446 and the procedural "rule of unanimity" when it unilaterally removed the case from state court without obtaining the consent of KDOC and determining whether it needed to obtain the consent of Defendants Kemen and Smith. Therefore, the Court holds that this action must be remanded.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (DN 5) is **GRANTED**. The Court will enter an Order consistent with this Memorandum Opinion.

Date: December 21, 2015

**David J. Hale, Judge
United States District Court**

cc: Plaintiff, *pro se*
     Counsel of Record
     Oldham County Circuit Court
4415.011